WOMEN'S CHRISTIAN TEMPERANCE UNION OF EL PASO et al. v. COOLEY.

No. 2374.

Court of Civil Appeals of Texas. El Paso.
Jan. 30, 1930.

Rehearing Denied March 6, 1930.

Leo L. Heisel, of El Paso, for appellants.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellee.

PELPHREY, C. J.

On December 29, 1915, Abbie Potter, deceased, executed her holographic will with the following provision: "I give and bequeath all my diamonds to the Woman's Christian Temperance Union of El Paso, Texas, together with my electric auto, diamonds to be deposited in the First National Bank of El Paso, until sold; total proceeds of diamonds and auto are to be divided into two equal divisions for El Paso, El Paso County, Texas, and Albuquerque, New Mexico, to be and remain in each of these cities a reserve fund for the securing to the people of the two States, State and National prohibition."

The will was duly probated and W. Cooley appointed administrator. On the 9th day of July, 1928, the administrator made application to the probate court for permission to sell the diamonds and jewelry formerly belonging to the deceased and for an order authorizing him to distribute the proceeds of such sale among the various devisees and legatees, with the exception of appellants.

The application prayed for the orders above on the ground that the legacy aforesaid had lapsed by reason of the fact that both national and state prohibition had been obtained in both Texas and New Mexico before the death of Abbie Potter.

Appellants answered and contested such application, and, upon a hearing, the application was granted and the property ordered sold and distributed as prayed for.

Appellants thereupon perfected an appeal to the Forty-First district court of El Paso county, Tex., and, upon a trial in that court, judgment was rendered that the diamonds be sold and distributed among the residuary legatees named in the will. An appeal was then perfected to this court.

## Opinion.

The application contained a recital of the devise, and, in connection with his prayer to divide the proceeds of the sale, alleged the lapse of the legacy by reason of the fact that both state and national prohibition had been obtained in New Mexico and Texas prior to the death of the testatrix.

Appellants contend that the county court was without jurisdiction to pass upon the question presented in the application, for the following reasons: (1) That it was an application to construe the will; (2) that the application was an effort to revoke or annul a portion of the will, and that such an action by the administrator, he having no interest in the estate, could not be maintained by him.

As we view the provision above quoted, it calls for no interpretation, and the fact that the administrator in his application sets up the facts showing a lapse of the legacy, does not make the application one to construe the will; the jurisdiction of which lies in the district court, nor is it an effort to revoke or annul a provision of the will.

The provision is clear and unambiguous, and sets out the purpose for which the proceeds of the diamonds and auto were to be used, a purpose which was admittedly accomplished before the death of testatrix.

The question of the lapse of the legacy depends, not upon a construction of the provision in the will, but rather upon the question of whether or not state and national prohibition had been obtained for the people of New Mexico and Texas—one of fact.

The only remaining question which we think calls for discussion is whether the doctrine of cy pres should be invoked in this court to prevent a lapse of the legacy.

Whenever the charitable purpose is limited to a particular object, or a particular insti-

tution, and there is no general charitable intent, then, if it becomes impossible to carry out the object, or the object ceases to exist before the gift has taken effect, the doctrine of cy pres does not apply, and. in the absence of any limitation over the other provision, the legacy lapses. 28 R. C. L. p. 340; Teele v. Bishop, 168 Mass. 341,. 47 N. E. 422, 38 L. R. A. 629, 60 Am. St. Rep. 401.

The rule above applies here, and we therefore conclude that the doctrine of cy pres cannot be invoked to prevent a lapse of the legacy.

We have examined the several questions presented by appellants' brief, and think all their assignments should be overruled.

Being of the opinion that the trial court was correct in holding that the legacy had lapsed, and that the application of the administrator was properly brought in the county court, the judgment of the trial court is accordingly affirmed.